■ In the Matter of SAMUEL E. L., a Person Alleged to be a Juvenile Delinquent. — Order affirmed. Memorandum: On appeal from an order finding him to be a juvenile delinquent based on his alleged participation in an attempted robbery, respondent argues that Family Court improperly admitted into evidence testimony by a Division for Youth counselor (whom respondent had been seeing in connection with a prior person in need of supervision [PINS] adjudication) of an inculpatory statement made to him by respondent. Contrary to the view expressed by the dissent, we find enough in the record, absent the counselor's testimony, to sustain the order. Indeed, Family Court found that the testimony by the victim of the robbery was alone sufficient to establish beyond a reasonable doubt that respondent

engaged in acts which, if committed by an adult, would constitute attempted robbery, first degree.

The victim testified that he was working in a news store when respondent entered with another boy and asked for cigarettes. The other boy then pulled out a knife and said, "This is a robbery." Respondent stood next to him "smiling". When the victim turned and grabbed a club, respondent ran out of the store, followed closely by the other boy. When asked whether respondent might have run out earlier, when he heard his companion announce the robbery, the victim stated: "He was standing side by side * * * [with the other boy and] didn't run until I reached for the club." Accordingly, we need not reach the question of the admissibility of the statement.

All concur, except Callahan and Doerr, JJ., who dissent and vote to reverse and dismiss the petition in the following memorandum.

Callahan and Doerr, JJ. (dissenting). We respectfully dissent. Without the admission given by respondent to the youth counselor, there is insufficient evidence to support the adjudication. Respondent, a 15-year-old youth, was charged with an act which, if committed by an adult, would constitute the crime of attempted robbery. At the time of this incident, respondent was in the custody of the New York State Division for Youth (DFY) pursuant to a Family Court person in need of supervision (PINS) adjudication. At the hearing the DFY counselor testified, over objection, that respondent admitted that he agreed to accompany another youth who went in to rob a store owner. This testimony was objected to on the grounds that the counselor was a public servant and that no CPL 710.30 notice had been served advising that petitioner intended to offer evidence of a statement made by respondent. The Family Court Act incorporates by reference the notice requirements of CPL 710.20 and 710.30 (Family Ct Act § 330.2 [2], [8]). We view the DFY counselor to be a "public servant" (Penal Law § 10.00 [15]) and, therefore, his questioning respondent, under the circumstances of this case, amounted to "official interrogation" by an agent of the State. Since no warnings were administered prior to the questioning as required by *Miranda v Arizona* (384 US 436), the testimony as to respondent's admissions violated his constitutional rights and was thus inadmissible (*Matter of Stanley C.*, 120 Misc 2d 18). Proof of respondent's mere presence at the scene, without more, is not sufficient proof beyond a reasonable doubt to support a conviction for attempted robbery. (Appeal from order of Erie

County Family Court, Manz, J. — juvenile delinquency.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.